# Magnetic Ore Co. v. Marbury Lumber Co.

*Bill in Equity to determine Claims to Real Estate, and cancel Deed to Timber thereon.*

1. *Sale of standing timber; title not lost by failing to cut and remove within a reasonable time.*—A sale and conveyance, by deed regularly executed, without condition or reservation, of the "saw timber" standing on certain lands, no mention being made in the deed as to when said timber is to be cut and removed, vests absolute title in the "saw timber" trees, independent of the land itself; and such title is not lost or forfeited in favor of the vendor, or of a subsequent purchaser of the land, whose deed contained an express reservation of such trees, by the fact that they were not cut and removed within a reasonable time after they were conveyed.

APPEAL from the Chancery Court of Chilton.
Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed on December 4, 1893, by the appellant, the Magnetic Ore Company, against the appellee corporation, the Marbury Lumber Company. The title of the complainant to the property involved in the suit is stated in the opinion. The title of the respondent is rested upon a deed from the Louisville & Nashville Railroad Company, executed on July 29, 1891, to certain parties through whom the respondent claims. The other facts of the case are sufficiently stated in the

opinion.   The chancellor sustained the demurrers to the bill interposed by the respondent; and on the present appeal by the complainant, his decree in this behalf is assigned as error.

HOUGHTON & COLLIER, for appellant.—The claim of the defendant (to own saw timber standing upon the lands involved in this controversy) is a claim for interest in said land.   In the absence of the stipulation in the conveyance to the defendant, as to the time within which the trees were to be removed from the land, a reasonable time within which such removal should be made will be presumed; and said trees not being cut and removed within a resonable time, the right under said conveyance becomes forfeited.—*Heflin v. Bingham*, 56 Ala. 566; *Hoit v. Stratton Mills*, 54 N. H. 109, s. c. 20 Amer. Rep. 119.

Acquiescence or unreasonable delay. is not like the statute of limitations, a special defense, which must be pleaded to be available.   It arises on pleadings and proof, and the court acts upon it.—*James v. James*, 55 Ala. 525; *Nettles v. Nettles*, 67 Ala. 599; *Gilmer v. Morris*, 80 Ala. 78; *Scruggs v. Decatur M. & L. Co.*, 86 Ala. 173.

Where the facts are disputed, what is a reasonable time is a question of fact, but where it depends upon a contract in writing, or upon undisputed, extrinsic evidence, it is a question of law.—*Cotton v. Cotton*, 75 Ala. 345.

J. M. FALKNER, *contra*.—Growing trees are a part of the realty, and a sale of them passes absolute title thereto.   In the case at bar, there was an absolute conveyance of the "saw timber," and the appellee acquired absolute title thereto, which can not be forfeited by his failure to cut and remove trees, in the absence of a stipulation in the conveyance limiting the time in which the trees are to be cut and removed.—*Heflin v. Bingham*, 56 Ala. 566; *Riddle v. Brown*, 20 Ala. 412; *McKenzie v. Shows*, 70 Miss. 388, s. c. 35 Amer. St. Rep. 354; *Harrell v. Miller*, 35 Miss. 700, s. c. 72 Amer. Dec. 154.

COLEMAN, J.—We presume the present bill was filed under the provisions of an act of the legislature entitled "An act to compel the determination of claims to real

estate in certain cases, and to quiet the title to the same."
Acts of 1892–93, p. 42.   The bill shows that in July,
1881, the Louisville & Nashville R. R. Co., by deed of
conveyance regularly executed, sold and conveyed abso-
lutely the "saw timber" growing on certain lands.   No
mention is made in the conveyance as to when, if ever,
the "saw timber" was to be cut and removed, but the
saw timber is sold and conveyed wholly without condi-
tion or limitation.   This, the bill avers, is the claim and
interest of the defendant.   The bill avers, and exhibits
show, that the Louisville & Nashville R. R. Co., by deed
of conveyance made in October, 1886, sold and conveyed
the lands to H. F. DeBardeleben with the following pro-
vision or reservation :   "But it is understood and agreed
that the timber with right of way to reach same has been
sold," &c.   In February, 1888, DeBardeleben conveyed
to complainant.   This is complainant's title.

The prayer of the bill is, that it be decreed, that re-
spondent has no interest in the lands, and that the
deed of conveyance by the L. & N. R. R. Co. of the "saw
timber" to it be cancelled.   The respondent demurred
to the bill, assigning several grounds of demurrer, the
last of which was "that the bill was without equity."
Both parties claim their respective rights and interest
from the L. & N. R. R. Co.; the respondent by deed of
prior date, notice of which, under the averments of the
bill, is chargeable to complainant.   We regard it as
settled law in this State that growing trees are such a
part of the realty, that the title to or interest in the same
can be conveyed or transferred only by written instru-
ment.   The rule is not universal under all circumstances.
See Leading Cases in the American Law Reports, with
notes by Sharswood and Budd, Vol. 4, p. 515.   The two
deeds from the L. & N. R. R. Co., the first to the respond-
ent, and the latter to complainant, conveyed different and
distinct interest of the same realty.   The bill does not
show that the respondent has, at any time or does now
claim to own any interest except that purchased from and
conveyed by the owner thereof.   As we understand the
averments of the bill, the complainant does not claim that,
by its deed in October, 1888, it acquired any legal
right or title to the "saw timber."   As we understand
the bill the prayer for relief is based upon the proposi-
tion that as the deed of conveyance for the "saw timber"

did not specify any time, within which the timber was
to be cut and removed, the law supplied a provision to
the effect that it was to be cut and removed within "a
reasonable time," and the respondent having failed to
do this, within a reasonable time, the right to the saw
timber was forfeited, and became the property of com-
plainant. We will consider this proposition further on.
If it be true, as held in some decisions, that a deed of
conveyance of trees or timber operates *ipso facto* as a sev-
erance of them from the realty, and that the trees are
thereby converted into personalty, the bill is without
equity, as regards the "saw timber," as under such a
rule, there can be no claim by respondent under this
conveyance to any part of the realty. Under this
view the case made by the bill is not within the statute,
under which it is filed. It is simply a contention over
personal property, which may be fully settled in a court
of law. On the other hand, if the trees until cut remain
realty, the case made by the bill is that the respondent
is claiming only what it purchased in which com-
plainant has no interest, unless the respondent has
forfeited its real estate by a failure to remove it, with-
in a reasonable time, and by the forfeiture the right and
title of those who bought and paid for it became vested
in the complainant, who never purchased it and
has no deed of conveyance for it. There ought
to be some cogent reasons compelling such a conclusion,
or decisions to that effect which have established a rule
of property, before we should adopt it as law. The case
of *Hoit v. The Stratton Mills*, 54 N. H. 109, (20 Amer.
Rep. 119), cited by counsel for appellant in support of
the doctrine, is an authority to the contrary. In that
case it appears that one Very, in the year 1863, sold the
"timber standing" to one Kingsley, stipulating that if
Very failed to deliver the timber at a designated place
by a certain time, the grantee, his heirs and assigns
might enter the premises and take the timber. The
grantor failed to deliver. No time was stipulated with-
in which the grantee or his heirs were to enter and take
the timber. In 1868 the timber was conveyed to defend-
ants. In 1870 Very conveyed the land to the plaintiff.
In 1871 the defendants cut and carried away some of the
timber. The plaintiffs brought an action of trespass
*quare clausum* and *de bonis*. The court decided that

when trees are sold, and no time is fixed for the removal of the timber, the purchaser has a reasonable time within which to enter and cut and remove the same, and if he failed to act within a reasonable time, he thereby forfeited the right to enter the premises, and was liable in an action *quare clausum*, but it was expressly decided, that the defendant was not liable *de bonis*. The opinion is somewhat lengthy and the respective rights and remedies of the parties fully discussed. There is not a line in the opinion in which it is intimated that the purchaser of the timber forfeited his ownership of the trees, or that the grantor, or his vendee, of the land succeeded to the ownership of the timber upon the failure of the purchaser to enter and remove within a reasonable time. The court held that in such a sale there was no "foundation for an exception to the general rules of law, to make that a conditional conveyance of trees, which would be an absolute conveyance of other property." Says the court : "The deed is absolute, the title passed to the grantee ; and the defendants are not liable for the value of their own property removed after the expiration of a reasonable time."

The case of *Heflin v. Bingham*, 56 Ala. 566, cited also by plaintiff's counsel, goes no further than *Hoit v. Stratton*, 54 N. H. 109, *supra*. It lays down the proposition, that when there is a conveyance of land and a reservation of growing trees, and no time is fixed for their removal a reasonable time only is allowed in which the entry can be made. Bingham, the defendant having paid the purchase price, was in possession of the land under a valid parol purchase of the timber, but without a deed of conveyance. He had only an equitable title with permission to enter. Heflin purchased the lands, but in his deed of conveyance there was a reservation of the timber sold to Bingham. Heflin sued in ejectment. Bingham disclaimed possession, except as to the interest reserved in the deed to Heflin, and as to this pleaded "not guilty". One of the vital questions was whether Bingham had delayed an unreasonable time under his license to enter and cut and remove the timber. If so, the court held that he was a trespasser and plaintiff was entitled to recover. If not, then plaintiff was not entitled to recover on this ground. Had the plaintiff recovered in the ejectment suit, on the

ground that defendant had delayed an unreasonable time, that would not necessarily have finally determined that the plaintiff became the owner of the growing timber which had been reserved in the deed to Heflin. Heflin never contracted to purchase and never purchased the trees. This part of the reality was never conveyed to him. He had no more right to the trees under his purchase and deed than any other person not a party to the transaction. The right to enter upon the land for the purpose of removing trees may have been lost by an unreasonable delay on the part of the purchaser of the trees, but it would not follow that the purchaser thereby became divested of his property in the trees, or that the vendor became re-invested with the ownership. As was held in the case of *Hoit, supra,* the sale of the timber was not conditional but absolute. The title passed to the purchaser, and we see no reason for giving to words used in a deed of conveyance of trees, a different meaning than that given when used in a deed of conveyance of minerals or any other portion of the reality; there being nothing in the instrument to control or vary their usual legal signification.

According to the bill, there is no misunderstanding or dispute of the facts in the case. There is no claim of ownership or title set up in the bill by the complainant acquired by adverse holding. Complainant's whole case, as we construe the bill and the brief of counsel, is rested upon the proposition, that as defendant failed to cut and remove the timber within a reasonable time he thereby forfeited whatever of property interest he purchased and acquired by the deed of conveyance from the owner, and the "saw timber," by reason of the forfeiture, became vested in the complainant, although it was expressly reserved from the sale to DeBardeleben and excepted by DeBardeleben in the deed to complainant. We do not assent to the proposition.

The court did not err in sustaining the demurrer to the bill.

Affirmed.