# Goodson v. Stewart, *et al.*

*Trespass to Realty by Cutting Trees.*

(Decided April 9, 1908.   46 South. 239.)

1. *Logs and Logging; Sale of Standing Timber; Interest in Land.*— A conveyance of standing timber conveys an interest in the lands supporting it, with a right of entry for the purpose of removal.

2. *Same; Time of Removal.*—Where a conveyance of standing timber contains no stipulation as to the time within which the standing timber shall be removed, a reasonable time only is conveyed to the purchaser in which to remove, and an entry fifty-one years after the conveyanve is not within a reasonable time.

3. *Trespass; Real Estate; Damages.*—Although the conveyance fixes no time for the removal of timber, and hence, a removal must be made within a reasonable time, the title to the timber, after a reasonable time has elapsed, is not forfeited by a delay in removal, and the removal of the timber is not an element of damage in a trespass by entry of the purchaser of the timber.

4. *Same; Issues; Jury Question.*—Where the evidence tended to support a finding for trespass to realty, and the conveyance of the timber afforded no defense, the question of a trespass vel non should have been submitted to the jury.

5. *Same; Exemplary Damages.*—Where the evidence tended to show that prior to the alleged trespass plaintiff warned defendant not to go upon the land, the question of exemplary damages was for the jury to determine.

6. *Damages; Exemplary Damages; Grounds.*—Mere nominal damage for a mere invasion of the rights of one injured will sustain a recovery of exemplary damages, and no other actual damage need be awarded.

Appeal from Autauga Circuit Court.

Heard before Hon. S. L. Brewer.

Action by Thomas R. Goodson against Irenus Stewart and others.   From a judgment for defendants, plaintiff appeals.   Reversed and remanded.

See 149 Ala. 106, 42 South. 1018.

Gunter & Gunter, and C. E. O. Timmerman, for appellant. Every charge refused should have been given and

the one given should have been refused. The plaintiff had possession and title. The defendants were warned not to trespass. They had neither title nor possession. Their trespass, therefore was willful and malicious and open to any exemplary damages.—*L. & N. v. Bizzell*, 131 Ala. 436; *R. R. Co. v. McLendon*, 63 Ala. 266; *Barry v. Edmonds*, 116 U. S. 562; *Day v. Woodworth*, 13 How. 363. No actual damages need be shown as a basis for exemplary damages.—*A. G. S. v. Sellers*, 93 Ala. 9; *Birmingham Ry. Co.v . Nolan*, 134 Ala. 332. Timber means trees suitabe for use.—20 Ency. of Law, 536. The timber conveyed was the timber on the land in 1855 and the grant did not presuppose that the land would be kept in timber in perpetuity.

H. E. GIPSON, for appellee. No brief came to the Reporter.

McCLELLAN, J.—The complaint charges trespass on lands. The defense asserted was that the defendants were entitled to the timber cut from the lands described under mesne conveyances of the timber interest, and for that purpose had the right to enter. The source of their asserted title was one Pierce, who in 1855 conveyed to the Smiths, predecessors in part in title of the defendants, and their heirs and assigns, "all the pine timber for the use of their sawmills, to be sawed up or to be used in any other way that is *now* (italics supplied) upon the following described lands"—those, with others, described in the complaint. It has been settled in this state that a conveyance of standing timber is a transmission of an interest in the land supporting it.—*Rothschild v. Bay City Lumber Co.*, 139 Ala. 571, 36 South. 785, and authorities there cited. And it has also become the subject of well-considered adjudication by this court that where, in the conveyance of the timber interest, no

stipulation with respect to the time within which entry shall be made and the timber removed is provided, a reasonable time only is open to the timber owner to enter upon the premises and to remove it.—*Magnetic Ore Co. v. Marbury Lumber Co.,* 104 Ala. 465, 16 South. 632, 27 L. R. A. 434; 53 m. St. Rep. 73. What is a reasonable time has received, in *Heflin v. Bingham,* 56 Ala. 575, 28 Am. Rep. 776, attention, and the general rule there announced must be taken as sound. However, in the case at bar, the severance of the timber interest from the freehold was accomplished in 1855, and the trespass complained of occurred in 1906, 51 years after the severance. We feel no hesitancy in declaring that period wholly unreasonable for the entry and removal of the timber, if any of the character conveyed there was still standing in 1906; and hence the defendants cannot find justification for their delayed entry under the paper title produced.

This record presents no matter out of which a possible estoppel to assert a failure to enter and remove the timber within a reasonable time might arise. So a consideration of that inquiry is not invited or undertaken. While the right to enter and remove timber conveyed may be lost by delay to do so within a reasonable time, the instrument being silent in that respect, the title to the timber is not forfeited or lost by such failure to enter and remove.—*Magnetic Ore Co. v. Marbury Lumber Co.,* 104 Ala. 465, 16 South. 632, 27 L. R. A. 434, 53 Am. St. Rep. 73. Hence it follows that the removal of such timber though in process of a trespass, is not an element of the recoverable damage.—*Heflin v. Bingham,* 56 Ala. 566, 28 m. Rep. 776.

There was testimony introduced tending to support the averment of a trespass to the land, and the conveyance quoted affording no defense, as appears in this rec-

[Goodson v. Stewart, et al.]

ord, the plaintiff was entitled to have the issue of trespass vel non submitted to the jury. This right was denied by the affirmative charge given for the defendants, constituting error to reverse.

Whether plaintiff was entitled to exemplary damages, on the case made, was a question for the jury. There was testimony tending to show a warning of these defendants by the plaintiff not to go upon the lands described in the complaint. This condition of fact, if found, cannot be distinguished from that presented in *L. & N. R. R. Co. v. Smith,* 141 Ala. 335, 37 South. 490, upon which this court based the announcement that it was open for the jury to find that legal malice, essential to the imposition of exemplary damages, accompanied the trespass. In this case it was also held that actual damages, other than nominal, to which for a mere infraction or invasion of a right one injured is entitled, need not be awarded in order to sustain the infliction of exemplary damages.

For the error stated, the judgment is reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.