# Wilmer Lumber Co. *v.* Eisely.

## *Trespass and Trover.*

(Decided June 17, 1909.—50 South. 225.) ·

1. *Trespass; Cutting Timber; Evidence.*—Where the defendant set up ownership of the trees cut and removed, for which the suit was brought, defendant was entitled to have a deed in evidence which granted to it all the timber on the lands described in the complaint with others.

2. *Same; Jury Question.*—Where the defendant justified under a deed conveying to it all the timber on the land of a certain character, and the evidence was in conflict as to what trees on the land were of sufficient size to constitute the timber, that question was one for the jury to determine.

3. *Same; Defenses; Consent.*—Charges asserting that plaintiff was not entitled to recover in trespass for the cutting of the trees, or in trover for their conversion if he consented expressly or impliedly to defendant's act, were proper and should have been given.

4. *Same; Instructions.*—A charge asserting that before plaintiff could recover in trespass for the removal of wood from plaintiff's land, the jury must be reasonably satisfied that the defendant cut and removed the wood from plaintiff's land without his consent, and must also be satisfied reasonably of the value of the wood so cut and removed, is a proper charge.

5. *Same; Instruction; Specific Damages.*—A charge asserting that the jury could not assess any damages for the value of the timber cut or the digging of holes in plaintiff's land as specific damages, was properly refused because rendered misleading by the term "specific."

6 *Same.*—A charge asserting that the burden of proof was on the plaintiff to show to the reasonable satisfaction of the jury by a preponderance of the evidence that defendant wrongfully went on plaintiff's land described in the complaint, and committed the act of trespass therein alleged, or· converted the wood described and otherwise, they should find for the defendant, was improperly refused.

7. *Charge of Court; Omitting Hypothesis.*—Charges which eliminate several elements of possible basis of recovery are properly refused.

8. *Logs and Logging; Ownership of Timber; Removal.*—Where one owns timber on a certain land he is entitled to enter and remove the timber being careful to do no more damage and to commit no trespass beyond that which is necessary to accomplish the removal.

9. *Appeal and Error; Curing Error.*—Where a defendant in an action for trespass for cutting timber justified under a deed, granting the timber cut, and the court erred in excluding the deed as evidence, such error was not cured by the admission that the defend-

ant was the owner of the timber on the land, since the deed further granted a reasonable right of way over the land to cut and remove the same, and damages were alleged on account of holes being made in the land, etc.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by Thomas J. Eisely against the Wilmer Lumber Company, in trespass and trover, for the cutting and removal of timber from certain lands. Judgment for plaintiff and defendant appeals. Reversed and remanded.

The following charges were refused to the defendant:

"(1) The court charges the jury that, before you can find for the plaintiff under the trespass count of the complaint, you must be reasonably satisfied from the evidence that the defendant went on the lands of the plaintiff, and without his consent committed the acts of trespass mentioned in the first and second counts of the complaint.

"(2) The court charges the jury that, before you can find for the plaintiff under the last count of the complaint, you must be reasonably satisfied from all the evidence that the defendant cut and removed the wood from lands belonging to the plaintiff described in said count of the complaint, and that without plaintiff's consent; and you must also be satisfied from the evidence of the value of the wood thus cut and removed.

"(3) The court charges the jury that the burden of proof is on the plaintiff to show to the jury by a preponderance of the evidence that the defendant wrongfully went upon the lands belonging to the plaintiff, as described in the complaint, and committed the acts of trespass therein mentioned, or converted the wood therein described; and, if the evidence fails to satisfy your minds, your verdict must be for the defendant.

"(4) If the jury believe from the evidence that the defendant purchased all the trees it cut from the land described in the complaint, and was the owner of the same with the right to cut and remove them, and that plaintiff had notice of that fact before he purchased the land, then your verdict must be for the defendant.

"(5) If the jury believe from the evidence that the defendant had the consent of the plaintiff to do upon the lands described in the complaint all that it is charged with doing, then your verdict must be for the defendant.

"(6) The court instructs the jury that every trespass and every conversion involves the wrongful doing of the acts complained of; and if you believe from the evidence that the plaintiff was at the camp of the defendant all the time during the period when the acts which he now complains of were being done, and had full knowledge of what was going on, and either expressly or impliedly consented thereto, then your verdict must be for the defendant.

"(7) The court instructs the jury that they cannot assess any damages for the value of timber or wood or the digging of holes in the land as specific damages."

McINTOSH & RICH, for appellant.—The court erred in its oral charge.— *Theodore L. L. Co. v. Lyons,* 41 South. 682. Cousel discuss other assignments of error, but cite no authority in support thereof.

GREGORY L. & H. T. SMITH, for appellee.—Cousel discuss assignments of error, but without citation of authority.

McCLELLAN, J.—The complaint consists of three counts, two in trespass, and one for the conversion of wood situated on this land. The pleas were the general

issue and a special plea alleging that defendant (appel-
lant) was the owner of the trees cut and removed by it,
of which plaintiff had notice, and that in so doing it ex-
ercised its right, and that to remove such trees it was
necessary to dig the holes mentioned in the complaint
in order to enjoy the defendant's rights in the prem-
ises.   Issue was joined on these pleas.

The defendant offered to introduce its deed to "all the
timber, standing, growing or being on" the lands, among
others, described in the complaint; but the court sus-
tained the plaintiff's objection.   The obvious error com-
mitted in this ruling is said to have been rendered harm-
less by the fact that it was otherwise shown, without
dispute, that defendant was the owner of the timber on
the land described in the complaint.   This would be true
but for the further fact that the conveyance also con-
tained this clause:   "It is further agreed that the said
Wilmer Lumber Company shall have all reasonable
right of way over and through said lands for the pur-
pose of cutting and removing said timber by rail-
road or otherwise."   No testimony appears to have been
received on the trial, covering this feature of the rights
conveyed to the defendant and subject to which plaintiff,
some of the testimony tends to show, acquired a title to
the soil in question.   We do not think the error commit-
ted in the exclusion of the deed was cured.

If the ownership of the timber was with the defend-
ant, it had the "right to enter and remove the timber,
doing no damage, and committing no trespass, beyond
what was necessary to accomplish" the removal of its
property.   *Heflin v. Bingham,* 56 Ala. 566, 28 Am. Rep.
776; *Goodson v. Stewart,* 154 Ala. 660, 46 South. 239.
The proof showed that defendant owned the "timber."
What was within that term, and what without, was nec-
essarily an inquiry of fact, and on the evidence in this

record it cannot be said that the proof on that inquiry, was conclusive. One witness testified to timber being long and short leaf pine, and included the size of timber trees six inches in diameter and up, though generally mills use, or regard as being susceptible of conversion into lumber, only trees eight or ten inches in diameter, and above. We do not think on this testimony the court was authorized, if so it did, to take the inquiry from the jury as to what was within the ownership, denominated "timber," of the defendant. Furthermore, on the evidence admitted, it could not have been conclusively assumed, thus taking the inquiry from the jury, that the material taken was not within the scope of the right of the timber owner as defined in *Heflin v. Bingham, supra.*

It was not shown conclusively that the digging was unnecessary damage to the realty, from which, without unnecessary damage or trespass, the defendant had the right to remove its timber. The proof was not conclusive as to the wrongful taking or destruction of the wood.

The record presents a case where the general affirmative charge was given, but with an explanation; whether the explanation nullified the effect of the charge we will not undertake now to say, as it was not demanded.

There were some tendencies in the evidence from which the jury might have inferred that the plaintiff consented to the commission of the acts complained of. If so he did, no wrong against his possession or rights could be predicated upon such acts. On this account, special charges 1, 5, and 6 should have been given.

Charge 2 should have been given.

Charge 3 predicated a recovery upon wrongful entry by defendant; whereas, the plaintiff might have recovered for the unwarranted invasion of the possession by

[Gandy v. Cowart.]

unnecessary damage or trespass in taking its timber or digging the soil or converting wood not belonging to defendant. This charge was properly refused.

Charge 4 omitted several elements of possible basis for recovery. It was well refused.

Charge 7 uses the term "specific damages." It was calculated to mislead the jury and was properly refused.

For the errors indicated, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.