# Ward, *et al. v.* Moore.

### *Ejectment.*

(Decided February 4, 1913.　61 South. 303.)

1. *Logs and Logging; Reservation of Timber; Removal.*—Where the timber is reserved on conveyance of the land and no term is fixed for its removal, it must be removed by the grantor within a reasonable time; a delay of twenty years bars the right of entry though not divesting the title to the timber.

2. *Ejectment; Right to Maintain.*—Being a possessory action ejectment cannot be maintained to recover timber by the successors in title to grantor, who, though reserving the timber on the land, lost his right of entry to remove it by failure to exercise the right within a reasonable time.

APPEAL from Bibb Circuit Court.

Heard before Hon. B. M. MILLER.

Ejectment by J. M. Ward and others against Charles J. Moore to recover all the timber growing on a described piece of land, together with damages for detention, and for waste and injury to said land. Judgment for defendant and plaintiffs appeal. Affirmed.

JOHN T. ELLISON and DANIEL COLLIER, for appellant. Ejectment will lie in this state to recover timber growing upon land.—*Heflin v. Bingham,* 56 Ala. 566; *Williams v. Gibson,* 84 Ala. 238; *Magnetic Ore Co. v.*

*Marbury L. Co.,* 104 Ala. 407; *Inglis v. Freeman,* 137 Ala. 300. The effect of the severance is to create two closes, adjoining though separate.—*Hooper v. Bankhead,* 161 Ala. 523. As to what will constitute adverse possession see Barringer & Adams on Mines, 568; *Alexander v. Savage,* 90 Ala. 385; *Zimmerman v. Daffin,* 149 Ala. 308. On these authorities it is insisted that the charges requested by plaintiff should have been given.

LAVENDER & THOMPSON, for appellees. The evidence shows without conflict that appellee and those under whom he claims title to the property had such possession of the property as would preclude any right of appellant to recover the property in question.—*Pickett v. Doe,* 74 Ala. 131; *Anniston Co. v. Edmondson, Dorlan v. Westervitch,* 140 Ala. 283; *Campbell v. Bates,* 143 Ala. 338; *Hency v. Brown,* 143 Ala. 446; *Hoyle v. Mann,* 144 Ala. 516; *Gulf Red C. Co. v. Crenshaw,* 148 Ala. 117; *Mayhan v. Smith,* 151 Ala 482; *McDaniel v. T. C. I. & R. R. Co.,* 153 Ala. 493; *Knight v. Hunter,* 155 Ala. 238; *Roe v. Rowe,* 159 Ala. 614. If the reservation in the deed carried the legal title to the timber no time was fixed for its removal. The law therefore fixed a reasonable time; hence, plaintiffs cannot now after the lapse of twenty years maintain ejectment for such timber.—*Christopher v. C. A. Lbr. Co.,* 57 South. 837; *Anderson v. Anderson,* 64 Ala. 404; *Cole v. B'ham Ry. Co.,* 143 Ala. 427; *Salmon v. Wynn,* 153 Ala. 538; *Lady Ensley C. & I. R. R. Co. v. Gordon,* 155 Ala. 528.

McCLELLAN, J.—The decisive question, as argued by the respective counsel on this appeal, is whether the plaintiffs (appellants) may maintain ejectment for timber under circumstances to be stated.

On February 17, 1882, John H. Ward held title to the lands described in the complaint. On that date he conveyed them to John M. Krout, incorporating therein, following the description of the lands by government survey, these words: "The timber on all of this land is exempted above mentioned that will do for lumber. * * *" For the purposes of the present decision only, we take these words to import a reservation, by the grantor, of the legal title to the timber on the land.

During more than 20 years neither the grantor nor his successors in title to the (at this time assumed) reserved estate in the lands sought to exercise, in any degree, the rights of their proprietorship in the timber. The grantee and those succeeding to his title to the soil of the lands described in the pleadings were all this time in possession thereof.

Upon the assumption indicated, there can be no doubt, under our decisions, that Ward and these plaintiffs, as his successors in right, were and are the repositories of the legal title to any timber within the terms of the reservation in the deed.—*Goodson v. Stewart*, 154 Ala. 660, 46 South. 239, and cases therein cited, among others. Where, as here, there is no stipulation with respect to time within which entry shall be made and the timber removed, the law implies a reasonable time during which such entry and removal shall be effected; else it is lost, forfeited.—*Goodson v. Stewart, supra; Magnetic Ore Co. v. Marbury Lumber Co.*, 104 Ala. 465, 16 South. 632, 27 L. R. A. 434 Am. St. Rep. 73, among others. We have held that 51 years is not a reasonable time within which entry and removal, in such case, could be effected. Taking the prescriptive period of 20 years as a maximum measure in such cases, but not affirming at this time that a less period of entire in-

action will not likewise result, we hold that 20 years is an unreasonable time, beyond which the stated right of entry and removal cannot exist, cannot be recognized. We are not to be understood, however, as pronouncing, after the elapsing of any period, however great, the forfeiture of the *title* to timber of him in whom it became or becomes vested. In short, the doctrine, in this regard, of *Magnetic Ore Co. v. Marbury Lumber Co., supra,* is reaffirmed.

Ejectment is a possessory action. To allow its maintenance by those who have lost the right to enter and remove their timber would be, obviously, to revive in a legal forum that which has become extinct, to lend the law's forms and powers in one case to a process that would defeat and annul its mandates and legal consequences in another. Under such circumstances of entire prolonged inaction of these plaintiffs and of their ancestor, the original grantor, in entering and removing the timber so (assumed to have been) reserved, ejectment cannot be maintained. Had the grantor or his heirs at law entered to remove their timber after the elapsing of an unreasonable period from February 17, 1882, a trespass upon the soil owner's lands would have been committed.—Author, supra. Ejectment will not, of course, lie to effect a wrong of that nature. The plaintiffs could not recover in ejectment; and defendant was entitled to the affirmative charge on that account.

Other questions argued in brief for appellants must be, in consequence, without effect upon the result of the appeal to which we must conclude.

The judgment is affirmed.

Affirmed.

DOWDELL, C. J., and SAYRE and SOMERVILLE, JJ., concur.