# Mt. Vernon Lumber Co. *v.* Shepard, *et al.*

## *Ejectment.*

(Decided November 19, 1914. 67 South. 286.)

*Ejectment; Standing Timber.*—Although ejectment may be brought for the recovery of standing timber, yet a plaintiff cannot maintain ejectment for it where the time limited by its contract of purchase for the removal thereof has expired; such plaintiff having no legal right to enter upon the land, and would be a trespasser if he did so.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Ejectment by the Mount Vernon Lumber Company against Kate T. Shepherd and others, to recover standing timber. Judgment for defendants and plaintiff appeals. Affirmed.

ERVIN & MCALEER, for appellant.

GREGORY L. & H. T. SMITH, for appellee.

ANDERSON, C. J.—It was admitted upon the trial that the legal title to the land was in Kate Shepard, and this being true, the plaintiff could not recover the same, which was covered by the first count.

The second count, however, sought a recovery of the timber, and not the land, and we think the finding of the trial court in favor of the defendants as to this count was also free from error. It is needlees for us to determine the character or nature of the timber that was conveyed by the contract, for the reason that whatever timber may have been thereby conveyed, the contract expressly limited the time of removal to five years, which said time had expired before bringing this ac-

tion of ejectment. Under the previous decisions of this court, the owner of the timber had no legal right to enter upon the land after the expiration of the time limited, and would be a trespasser if he did so.—*Zimmerman v. Daffin,* 149 Ala. 380, 42 South. 858, 9 L. R. A. (N. S.) 663, 123 Am. St. Rep. 58; *Goodson v. Stewart,* 154 Ala. 660, 46 South. 239; *Mt. Vernon Co. v. Shepard,* 180 Ala. 148, 60 South. 825. If, therefore, the plaintiff had no legal right to enter upon the land, and would be a trespasser if he did so, notwithstanding he may have been the owner of the timber, he could not maintain an action of ejectment, either for the land, or the timber as separable from the land.—*Ward v. Moore,* 180 Ala. 403, 61 South. 303.

This case has been before this court in different form, and is reported in 180 Ala. 148, 60 South. 825, and we do not understand the opinion there as holding or stating that this plaintiff could maintain an action of ejectment for the timber in question against this defendant. It is true the opinion lays down the broad proposition that standing timber is a part of the realty, and that ejectment is an appropriate remedy to recover its possession; but we did not hold that the action could be maintained by this plaintiff, or any other person who had lost his right to go upon the land, and who would be a trespasser if he did so. Indeed, the fourth paragraph of the opinion as set out on page 155 in 180 Ala. and on page 828 in 60 South. reiterates the doctrine that if the grantee under a timber sale delays going upon the land beyond the expiration of the time limit fixed by the contract, or beyond a reasonable time when no limit is fixed by the contract, he is guilty of trespass in entering upon the land.

The case of *Harrell v. Mason,* 170 Ala. 282, 54 South. 105, Ann. Cas. 1912D, 585, was not an action of eject-

ment, and there is nothing in the opinion that could indicate that this plaintiff or the owner of the timber there could maintain ejectment for the timber after the expiration of the time limit for going upon the land. Nor are the cases of *Smith Lumber Co. v. Jernigan*, 185 Ala. 300, 64 South. 300, and *Inglis v. Freeman*, 137 Ala. 298, 34 South. 394, in conflict with the present holding. They simply hold that a plaintiff claiming the timber can test his right and title to the trees in an action at law. They do not hold that a claimant of the timber can maintain ejectment for same after he has lost his right to go upon the land, and, indeed, neither of these cases took account of whether or not the claimants therein had or had not lost their right of entry upon the land.

The judgment of the law and equity court is affirmed. Affirmed.

MAYFIELD, SOMERVILLE, and GARDNER. JJ., concur.