(80 South. 422)

## C. W. ZIMMERMAN MFG. CO. v. WILSON.
### (1 Div. 14.)

(Supreme Court of Alabama. Nov. 28, 1918.
On Rehearing, Dec. 21, 1918.)

1. Logs and Logging ⊚⇒3(10)—Construction of Grant—"Timber."

Grant of "all the pine timber now standing and being on the land" embraced only such timber as was at time of grant large enough for building and other constructive uses, when prepared for the market in the usual way.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Timber.]

2. Logs and Logging ⊚⇒3(15)—Burden of Proof—Timber Grant.

In action to quiet title, respondent, claiming timber by reason of grant from former owner of "all the pine timber now standing and being on the land," has burden of proving that at time of trial there still remained some trees on land which were timber trees at time of grant, and of pointing out such trees in order that their status may be properly adjudged.

Appeal from Circuit Court, Clarke County; Ben D. Turner, Judge.

Bill by A. L. Wilson against C. W. Zimmerman Manufacturing Company to quiet title to land. Judgment for complainant, and respondent appeals. Affirmed.

Respondent denies plaintiff's peaceable possession, and propounds his claim as founded upon a grant by the owner in June, 1889, of "all the pine timber now standing and being" on said lands, together with certain easements for its cutting and convenient removal. This conveyance recites that the grantee, C. W. Zimmerman & Co. "is allowed —— years from date" for cutting and removing the timber. Respondent claims under a deed executed by C. W. Zimmerman and John F. Moore, who compose the partnership of C. W. Zimmerman & Co. On final submission there was a decree adjudging that respondent had no interest in the land and granting the relief prayed for.

T. J. Bedsole, of Grove Hill, for appellant.
F. E. Poole, of Grove Hill, for appellee.

SOMERVILLE, J. We think the evidence clearly shows that complainant was in the peaceable possession of the land in question at and before the filing of his bill of complaint.

The real issue to be considered is whether any of the pine timber now standing on this land was standing on it and subject to respondent's grant in June, 1899.

"The word 'timber' has an enlarged or restricted sense, according to the connection in which it is employed." 25 Cyc. 1545.

"In this country the term 'timber,' when applied to standing trees, generally means such as are suitable for use in the erection of buildings or in the manufacture of tools, utensils, furniture, carriages, fences, ships, and the like." Alcutt v. Lakin, 33 N. H. 507, 509, 66 Am. Dec. 739.

In Canada it has been held that young trees which may become timber are not so while they are yet saplings. Corbett v. Harper, 5 Ont. 93, 97.

The word "timber" of commerce means squared sticks of wood used in building. The trees from which they were cut became known as "timber trees." Hence the word "timber" may mean wood suitable for building houses, ships, etc.; trees cut and squared, or capable of being squared and cut into beams, rafters, planks, boards, etc.; or growing trees, yielding wood suitable for constructive uses. Donworth v. Sawyer, 94 Me. 243, 47 Atl. 521, 523, citing Century Dictionary.

In 17 R. C. L. p. 1066, the following explanation is deduced from the authorities:

"The necessity for an understanding of the meaning of the term arises particularly in a consideration of the meaning of contracts for the sale of timber, and the usual application given it, although varying in some degree with the context and manifest intent of the parties, and local custom, as to trees of a considerable size, or, as it is said, useful for building or the like, as distinguished from saplings and undergrowth, and from those trees suitable only for firewood or cordwood."

See Balderson v. Seeley, 160 Mich. 186, 125 N. W. 37, 136 Am. St. Rep. 428, 19 Ann. Cas. 1049, note, 1051–1054, where the cases are collected.

In accord with this view, it was said in G. Y. Lumber Co. v. Monk, 159 Ala. 318, 49 South. 248, that "timber is such stuff as is suitable for building and allied purposes." And the court in that case took judicial notice of the fact that a tree four inches in diameter at the stump, or point where cut, "would not afford timber."

[1] We conclude that the grant under which respondent claims, of "all the pine timber now standing and being on the land," embraced only such timber as was at that time large enough for building and other constructive uses, when prepared for the market in the usual way. Huron Land Co. v. Davison, 131 Mich. 86, 90 N. W. 1034.

[2] The burden was upon respondent to show that such trees, then existent, still remained on the land, and this we think the evidence fails to do. Moreover, if it were conceded that there still remain some trees which were timber trees in June, 1899, it would be necessary for respondent to point them out in order that their status might be properly adjudged. And, manifestly, there can be no adjudication of incidental easements in favor of respondent, in the absence of his established ownership of specific trees. On the whole case, we cannot hold that the

trial court erred in granting relief, and the decree will be affirmed.

Affirmed.

MAYFIELD, SAYRE, and THOMAS, JJ., concur.

## On Rehearing.

SOMERVILLE, J. We have examined the case of Zimmerman v. Wilson, 77 South. 364,[1] wherein, upon the same issue between these same parties as to other lands included in the deeds here claimed under, it was ruled that the evidence showed that some of the timber still standing was subject to the timber grant when it was made in 1899. We think there is sufficient difference in the testimony in the two cases to justify the different conclusions reached. '

There is some testimony to support the claim that respondent is now the owner of "one pine tree" still standing, which was a timber tree in 1899. But, taking the testimony as a whole, we are not reasonably satisfied that such was its status then; especially in view of the fact that undisputed testimony shows that respondent's agent, who cut over the land a short time after the grant, did not so regard or treat it, but in fact rejected it as unfit.

Counsel contends with much earnestness that the rule which requires a timber owner to point out, in a proceeding like this, the particular trees still standing which have passed under his deeds, imposes upon him a heavy burden which will often be very expensive and intolerably troublesome.

Conceding the force of this argument, we are nevertheless convinced that such a requirement is necessary in order to make an adjudication which would be of any value at all in the settlement of conflicting claims to timber, a part only of which is in dispute. To adjudge merely that the timber claimant has one or more trees out of many, "somewhere on the land," would not meet the purpose and policy of the proceeding.

The application will be overruled.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.