# Gulf Yellow Pine Lbr. Co. *v.* Monk.

## *Trover.*

(Decided April 22, 1909.   49 South. 248.)

1. *Words and Phrases; Timber.*—Timber as used in common parlance, is such stuff as is suitable for building and allied purposes.

2. *Logs and Logging; Contracts for Cutting; Construction.*— Where the contract gave the right to cut all merchantable trees upon certain land, timber to cut 12 inches at the stump, it was the intent of the parties that the trees so cut should be suitable for conversion into merchantable timber, and that the trees should measure 12 inches in diameter at the stump, or at the point where cut, and hence, the cutting of trees 4 inches in diameter at the point where cut was not within the contemplation of the contract, although such trees might measure 12 inches in circumference.

APPEAL from Geneva Circuit Court.

Heard before Hon. H. A. PEARCE.

[Gulf Yellow Pine Lbr. Co. v. Monk.]

Trover by H. M. Monk against the Gulf Yellow Pine Lumber Company. From a judgment for plaintiff, defendant appeals. Affirmed.

The evidence for the plaintiff tended to show that he purchased the land from one S. A. D. Ellis on which the timber was cut, and that he went upon the land after the cutting of the timber by defendant and measured timber that was cut, and that he kept an account of all the stumps which measured less than 12 inches in diameter at the point of cutting, and that the number of trees thus cut below the 12 inches were 115. The defendant introduced a deed from Ellis conveying the timber on the land to the Morris Lumber Company, and showed a purchase from the Morris Lumber Company of the timber. The deed conveyed all merchantable pine trees standing on the described land, and provided that the timber was to cut 12 inches at stump, with the right of entry, etc., usual in such conveyance. The defendant took the position that the deed conveyed all the timber on the land, and that the expression "timber to cut 12 inches at stump" was meaningless, when it came to the proposition as to the diameter of the timber to be cut, and upon this theory requested the general affirmative charge.

See, also, 153 Ala. 358, 45 South. 223.

W. O. MULKEY, for appellant. The deed unaided by any evidence is void because it has no meaning when it says timber to cut 12 inches at the stump. In any event, it stands upon the same principle that obtains where there is a time fixed in the deed for the removal of the timber, and is a covenant and not a condition.

R. P. COLEMAN, and ESPY & FARMER, for appellees. No brief came to the Reporter.

SAYRE, J.—The single complaint on this appeal predicates error of the rulings of the trial court in refusing the general affirmative charge to the defendant in the court below, appellant here. Defendant was the owner by assignment of a contract with plaintiff by which it had a right to cut all "merchantable" trees upon plaintiff's land, "timber to cut 12 inches at the stump." The evidence tended to support the contention that defendant had cut trees less than 12 inches in diameter at the point of cutting. Appellant's theory is that the stipulation quoted is meaningless and of none effect, or that it could just as well mean a stump 12 inches above the ground, or trees 12 inches in circumference. But we do not agree. The common intent of the parties was that the trees cut should be suitable for conversion into merchantable timber. Timber is such stuff as is suitable for building and allied purposes. Unless we affect to be ignorant of matters of everyday experience and observation, we must know that a tree 4 inches in diameter— diameter being approximately one-third of circumference—at the stump, or point where cut, squared, sawed, or otherwise prepared for use and the market, will not afford timber. The consideration, along with the context, gives unmistakable clue to the meaning of the stipulation in question. It related to the timber to be cut, and not to the useless stump to be left. It meant that the timber should measure not less than 12 inches in diameter at the point where severed from the stump.

Affirmed.

DOWDELL, C. J., and ANDERSON and McCLELLAN, JJ., concur.