# W. T. Smith Lumber Co. *v.* Jernigan, *et al.*

*Bill for Injunction and Accounting.*

(Decided January 22, 1914.  66 South. 300.)

1. *Logs and Logging; Timber.*—Timber includes such trees as are suitable for building and allied purposes, but does not include fruit trees.

2. *Same; Sale; Reservation of Timber; Saw Logs; Construction.*— The words in a conveyance "timber suitable for sawlogs," standing alone include every and any sort of sawlog without reference to the character of the wood, but where the contract is made twenty years before, either party was entitled to show that, according to the custom of the locality when the deed was made, "sawlogs" had a well-defined local meaning which was limited to pine logs.

3. *Custom and Usage; Effect.*—Where the usage and custom of a locality in which an instrument is executed has given to certain words a peculiar signification, the parties to such instrument will be presumed to have used the words in their peculiar local sense.

4. *Action; Determining Title; Standing Timber.*—Where respondents are in adverse possession of certain standing timber claimed by complainant, complainant's right to the timber is properly determinable in a court of law in an action at law.

APPEAL from Butler Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by the W. T. Smith Lumber Company against J. T. Jernigan and another to restrain each of them from interfering with the complainant in entering upon the lands described, and removing and cutting all hard wood timber growing thereon, suitable for sawlogs, for an accounting, and for a perpetual injunction upon final hearing. From a decree for respondent complainant appeals. Affirmed.

LANE & LANE, for appellant. No brief reached the Reporter.

POWELL & HAMILTON, for appellee. Appellant cannot maintain its bill until title to the timber in controversy was settled in a court of law.—*Ashurst v. Mc-Kenzie,* 92 Ala. 484; *Hamilton v. Brent L. Co.,* 127 Ala. 78; *Inglis v. Freeman,* 137 Ala. 298; *Christopher v. Curtis-Attalla L. Co.,* 57 South. 837; *Mt. Vernon L. Co. v. Shepherd,* 60 South. 825. The right to cut and remove the timber has been lost by failure to exercise the option within a reasonable time.—*Kaul L. Co. v. Weed,* 53 Atl. 489; *Zimmerman M. Co. v. Daffin,* 149 Ala. 388.

DE GRAFFENRIED, J.—On the 11th of June, 1896, the appellant executed and delivered, to those through whom the appellees claim the land upon which the timber hereinafter referred to is situated, a deed conveying said land. In the deed there is the following clause: "The W. T. Smith Lumber Company reserves all the timber suitable for sawlogs that is and will be 12 inches and over in diameter three feet above the ground, or at the top of the stump, at the time said timber is cut, together with the rights of way for carts, drays, trams,

tramways, and railroads on and through the above-described lands, also the right to use dead pine to generate steam for its locomotive engines; said timber to be removed at the option of the W. T. Smith Lumber Company, its successors or assigns."

It seems that the W. T. Smith Lumber Company has cut and removed all pine timber suitable for sawlogs, 12 inches and up, etc., from the premises, and the bill of complaint in this case was filed for the purpose of testing, in a court of equity, the right of the said Lumber Company, against the wishes of the appellees, who own the land, to go upon the land and remove therefrom the poplar, white oak, gum, etc., trees, which are 12 inches and up, from the said land.

In the first place the appellees claim that they are in the adverse possession of said trees, denying that the appellant has any claim upon them, and that therefore appellant must pursue its remedy of ejectment for said trees; and in the second place appellees maintain that by the above reservation the appellant only reserved title to the pine trees on the said lands. Appellees maintain that, at the time of the execution and delivery of the said deed, the word "sawlogs" had, in Butler county, where the lands are situated, a well-defined meaning; that the word "sawlogs" meant, at that time, "pine logs," and only "pine logs"; that no other kind of trees had, in that section of the state, up to that time, been used or known as "sawlogs"; and that, since the execution and delivery of the conveyance, the parties in interest had so construed the said words because since that time the appellant had paid the owners of the land for all trees taken from the land except the pine trees. Appellees say that the appellant, at the time it executed the said conveyance, was the owner of a large sawmill plant situated at Chapman, Ala., and that said

mill was engaged exclusively in the manufacture of pine trees into lumber, and that, up to that time, there had never been in that section of Alabama a mill which manufactured any other sort of trees into lumber, and that, at the present time, said mill is manufacturing only pine trees into lumber.

1. The word "timber" has a well-defined meaning and includes such trees as are suitable for building and allied purposes.—*Gulf Yellow Pine Lumber Co. v. Monk,* 159 Ala. 318, 49 South. 248. The word, however, does not include fruit trees.—*Bullen v. Dunning,* 5 Barn. & C. 842, 847; 8 Words and Phrases, p. 6973.

2. Standing alone and unexplained, we would unhesitatingly say that the words "timber suitable for sawlogs" meant any sort of sawlogs, whether of oak, chestnut, hickory, poplar, or ash. This deed was made, however, nearly 20 years ago, and it may be that in the section in which this timber was situated the word "sawlogs" had at that time a well-understood local meaning, and that this local meaning was well understood by the parties when the deed was made and delivered. The written reservation in the deed is but the memorial of the contract, the thing upon which the minds of the parties met, and, of course, the thing which they agreed to was the contract between them. If "sawlogs," then had a restricted meaning and the parties used that word in that restricted meaning, the fact that, since that time, the meaning of that word has been broadened does not broaden the rights of appellant. As an illustration: Many years ago it was the universal custom for cotton to be picked from the fields and placed in baskets. These baskets were used by the laborers to carry the cotton from the field to the cotton house. These baskets were made from a particular character of white oak. The words "basket timber" then had, in

[W. T. Smith Lumber Co. v. Jernigan, et al.]

the cotton sections of the state, a particular local meaning. They meant white oak suitable for making cotton baskets. If a man then sold to a maker of cotton baskets all his "basket timber," his plain meaning would have been to sell that part of his white oak timber which was suitable for making cotton baskets, and only that timber.

In this case the contention is that, when the reservation in the deed was made, the word "sawlogs" had, in the section of Alabama in which the lands in question were situated, a local, well-defined meaning, and that these words meant pine trees or logs suitable to be manufactured into lumber. If this is true, we see no reason why appellees have not the right, by evidence, to show it. In making this proof, the construction which the parties themselves have placed upon the contract may be shown.—*Kaul, et al. v. Weed, et al.,* 203 Pa. 586, 53 Atl. 489.

"When the usage of the locality in which the instrument is executed has given certain words therein a peculiar signification," the parties to the instrument will be presumed to have used such words in their peculiar local sense.—17 Am. & Eng. Ency. Law, p. 12, subd. 3, and authorities there cited.

3. In this case the appellees are in possession of the land upon which the trees which appellant claims title to are situated. The appellees deny that the trees belong to appellant, and assert that they themselves own the trees. In other words, appellees are in the adverse possession of the trees claimed by appellant. The appellant can test its right and title to the trees in an action at law.—*Inglis v. Freeman,* 137 Ala. 398, 34 South. 394.

It is therefore evident that the chancellor was correct in holding that the title to the trees should be tested in

an action at law, where the disputed questions of fact can be settled by a jury. The decree of the court below is therefore affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.