(96 South. 417)
### JASPER LAND CO. v. MANCHESTER SAWMILLS. (6 Div. 767.)

(Supreme Court of Alabama. Feb. 1, 1923. Rehearing Denied May 10, 1923.)

1. **Deeds** ⬡136—**Tenancy in common** ⬡24—Grant held to create tenancy in common, and grantees and their alienees entitled to cut and remove timber.

A deed conveying an undivided interest in the surface of certain lands, as well as all the timber thereon, and reserving to grantor all minerals thereunder, created a tenancy in common between grantor and grantees, entitling grantees and their alienees of like title and interest, in the absence of express limitation on their right to enter and cut and remove timber, to do so not merely for a reasonable time, but for so long as the rights and titles created by such deed remained distributed in like quanta and relationships, though in different persons; such entry involving no invasion of grantor's rights as cotenant.

2. **Tenancy in common** ⬡50—**Cotenant may confer on lessee or licensee right to use property as fully as lessor or licensor.**

While one licensed by a tenant in common to enter and cut and remove timber from land is not vested with title in the land, such tenant may confer, by lease or license, the right to use and occupy the property as fully as lessor or licensor.

3. **Logs and logging** ⬡3(10)—**"Timber" defined.**

"Timber," as used in a deed conveying "all the timber growing, standing, lying or being upon the land," is such stuff as is suitable for building and allied purposes.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Timber.]

4. **Mines and minerals** ⬡55(6)—**Reservation of minerals with the "usual rights and privileges of mining" includes right to cut timber used in mining operations.**

"The usual rights and privileges of mining," as used in a deed reserving to grantor, such rights and privileges, includes the right or privilege of cutting timber to be used in mining operations.

5. **Logs and logging** ⬡3(11)—**Grantees of land surface and timber held entitled to cut only trees exceeding given diameter at date of deed.**

A deed conveying "all the timber growing, standing, lying or being upon the land," together with an undivided interest in the surface, but providing that no timber should be cut before final payment, except on payment of $1.50 per 1,000 feet "for all the merchantable timber," and that grantees should notify grantor of such cutting and removal, whereupon their right should cease, reserving to grantor all minerals under the land, "with the usual rights and privileges of mining" them, so long as it cut no trees more than 6 inches in diameter at the stump, and authorizing grantees to

cut and take all trees exceeding such diameter "at the time of such cutting," did not confer the right in perpetuity to all timber as it reached the designated dimension, but conveyed only the trees, in excess of such diameter, standing, growing, etc., on the land at the date of the deed; the phrase "at the time of cutting" being vagrant and meaningless, in view of stipulations to a different effect in other parts of the deed.

**6. Tenancy in common ⬥⬥26—Cotenant may enjoin another, or his licensee, from destroying or injuring timber, regardless of solvency.**

A tenant in common may enjoin the commission of such waste or other acts by a cotenant or his licensee, though solvent, as will destroy or permanently injure the common property, as by the use of a skidder or other machinery destroying or doing irreparable injury to timber too small for manufacture into merchantable lumber and making unnecessary ditches, etc., in the surface of the land, notwithstanding a contract authorizing him to construct dirt, logging, tram, and railroads for cutting and removing timber.

**7. Equity ⬥⬥232—Demurrer to entire bill containing equity in one aspect should be overruled.**

A demurrer to all of a bill containing equity in one aspect should be overruled, though it is otherwise without equity.

Appeal from Circuit Court, Walker County; J. J. Curtis, Judge.

Suit by the Jasper Land Company against the Manchester Sawmills. From a decree sustaining a demurrer to the bill, complainant appeals. Reversed and remanded.

Ernest Lacy and A. F. Fite, both of Jasper, for appellant.

Injunction is properly invoked to prevent the cutting of timber, and it is not necessary to aver insolvency. Tidwell v. Hitt Lbr. Co., 198 Ala. 236, 73 South. 486, L. R. A. 1917C, 232. When a conveyance of timber stipulates no time for removal, a reasonable time only is open to the purchaser, and after the expiration of such time he has no right of entry. Goodson v. Stewart, 154 Ala. 660, 46 South. 239; Zimmerman Mfg. Co. v. Daffin, 149 Ala. 380, 42 South. 858, 9 L. R. A. (N. S.) 663, 123 Am. St. Rep. 58; Ward v. Moore, 180 Ala. 403, 61 South. 303; Mt. Vernon Co. v. Shepherd, 190 Ala. 574, 67 South. 286; Long v. Nadawah Lbr. Co., 202 Ala. 523, 81 South. 25; Hanby v. Dominick, 206 Ala. 539, 90 South. 287. The conveyance of the timber to appellant's grantees was only of such stuff as was suitable for building and allied purposes at the date of the conveyance. Gulf Y. P. Lbr. Co. v. Monk, 159 Ala. 318, 49 South. 248; Wright v. Bentley Lbr. Co., 186 Ala. 616, 65 South. 353; Jacobs v. Roach, 161 Ala. 201, 49 South. 576. One cotenant cannot give permission to third party to commit trespass on the cotenant's interest in lands.

Zimmerman Mfg. Co. v. Dunn, 151 Ala. 435, 44 South. 533; Lowery v. Rowland, 104 Ala. 420, 16 South. 88; Murray v. Fowler, 205 Ala. 597, 88 South. 849; Wood v. Montgomery, 60 Ala. 500.

Bankhead & Bankhead, Ray & Cooner, and W. C. Davis, all of Jasper, for appellee.

Appellee, by virtue of its license from Boston, has all the rights to timber possessed by appellant's cotenant, Barton, when such license was granted. 38 Cyc. 3, 105; Freeman on Cotenancy & Part. (2d Ed.) § 253; Alford v. Bradeen, 1 Nev. 230; Prentiss v. Roberts, 49 Me. 127. Appellant owns no timber on the land, and has no timber privilege therein, until the mining provided for in the original deed is begun. Kennedy Co. v. S.-S. S. & I. Co., 137 Ala. 401. The doctrine of prescription of 20 years in which to enter or remove the timber does not apply in this case; appellant's cotenant, owning the timber and also an interest in the land, is not limited in time as to the cutting and removal of the timber. Baxter v. Mattox, 106 Ga. 344, 32 S. E. 94; Ward v. Moore, 180 Ala. 403, 61 South. 303. Complainant and respondent's licensor are tenants in common, and respondent is not a trespasser. Hamilton v. Brent Lbr. Co., 127 Ala. 78, 28 South. 698; Irwin v. Shoemaker, 205 Ala. 13, 88 South. 129; 27 R. C. L. 132. A tenant in common will not be enjoined from committing waste, unless it is malicious. 27 R. C. L. 1031; Mott v. Underwood, 148 N. Y. 463, 42 N. E. 1048, 32 L. R. A. 270, 51 Am. St. Rep. 711; Leatherbury v. McInnis, 85 Miss. 160, 37 South. 1018, 107 Am. St. Rep. 274.

SAYRE, J. In 1902 the Jasper Land Company, being then the owner in fee of a body of land in Walker and Winston counties, agreed to sell and convey to Charles J. Winton and Charles S. Gilbert all the timber growing, standing, lying, or being upon the land. At the same time the company agreed to convey an undivided interest ($51/_{100}$) in the surface of said land, reserving the coal, iron, oil, and other minerals in and under said land, and "to grant and authorize the said parties of the second part (Winton and Gilbert) to construct and maintain dirt roads, logging roads, tramroads and railroads for the purpose of cutting, manufacturing and removing the timber from said lands." In 1905 a conveyance of the timber and an undivided interest in the land was executed according to agreement, and by subsequent mesne conveyances like title and interest in land and timber passed to Enos M. Barton, who, in 1912, gave to defendant, Manchester Sawmills, a written license to cut timber on the land and "the right to have access to said timber and the right of ingress and egress, and the right to build, construct, maintain,

operate and move logging railways and roadways over, upon and across" the land.

[1, 2] The main purpose of complainant's (appellant's) bill is to have defendant, Manchester Sawmills, a corporation, enjoined from cutting or removing any timber whatever from the land; complainant's theory being that, in the absence from the conveyances, under and through which defendant claims, of express limitation upon the right to enter upon the land and cut timber, defendant's right was limited to be exercised within a reasonable time from the date of the original deed operating to cause a severance between the titles to the land and the timber, viz. the deed from complainant to Winton and Gilbert—in no event to exceed 20 years, and has therefore been forfeited. Magnetic Ore Co. v. Marbury Lumber Co., 104 Ala. 465, 16 South. 632, 27 L. R. A. 434, 53 Am. St. Rep. 73; Ward v. Moore, 180 Ala. 403, 61 South. 303. The sufficient answer to this contention is that by the deed from complainant to Winton and Gilbert, and the other subsequent conveyances, not only was the absolute title to all the timber, separate from the land, vested in the grantees (Zimmerman Mfg. Co. v. Daffin, 149 Ala. 380, 42 South. 858, 9 L. R. A. [N. S.] 663, 123 Am. St. Rep. 58, and numerous later cases in the same line), but also an interest in the title to the land itself thereby, as to it, creating a tenancy in common between grantor and grantees. Said grantees, and their alienees of like title and interest in and to the land and timber, were thereby armed with the right to enter upon any part of the land and cut and remove the timber thereon, and we think it clear that so long as the rights and titles created by complainant's deed remain distributed in like quanta and relationships, though in different persons, the owner of all the timber will have the right to enter upon any and every part of the land in order to cut and remove the timber; such entry involving no invasion of the rights of his cotenant in the land. Defendant, by its license from Barton, is vested with no title in the land; but the law is that by lease or license a tenant in common may confer upon another person the right to use and occupy the property of the cotenancy as fully as the lessor or licensor may. Freeman on Cotenancy (2d Ed.) § 253; 38 Cyc. 105, and authorities cited in note 83. Our conclusion, therefore, is that so far as concerns the main purpose of complainant's bill it is devoid of equity.

[3-5] But the bill avers that defendant in the exercise of its right to cut and remove the timber from the land defendant has used, and threatens to continue the use of, a skidder or other machinery which has the effect of totally destroying or doing irreparable injury to the timber growth on the land which was not large enough to be manufactured into merchantable lumber, thereby depriving complainant of the future growth of such timber, and makes great and unnecessary ditches, trenches, and gulches in the surface of the land, thereby causing great injury to the land, and these averments are sufficient to give the bill equity.

Complainant conveyed "all the timber growing, standing, lying or being upon the land." This must be construed as a conveyance of all the timber growing, standing, lying, or being upon the land at the date of the deed (Jacobs v. Roach, 161 Ala. 201, 49 South. 576; Wright v. Bentley, 186 Ala. 616, 65 South. 353), and "timber" is such stuff as is suitable for building and allied purposes (Gulf Yellow Pine v. Monk, 159 Ala. 318, 49 South. 248). That these conclusions—with modification to be noted presently—reflect the intention of the parties to the conveyance first mentioned above is evidenced, not only by the considerations already stated, but by special provisions contained in that conveyance, viz. provisions that no timber should be cut before final payment of the purchase money except that the grantees might cut timber from any section by first paying $1.50 per thousand feet "for all the merchantable timber on such section"; such payments to be credited on the purchase price, and the provision "that when the grantees herein shall cut and remove the timber from any legal subdivision of said land, they shall notify the Jasper Land Company in writing of such cutting and removal describing the land so cut, and thereafter their right to cut and remove timber from such subdivision shall cease." Other language of the conveyance—the modification mentioned above—reserves or excepts to the grantor "all coal, iron, oil and other minerals in, under and upon the same (lands) with the usual rights and privileges of mining the same. But the last reservation or exception shall not be construed to give the grantor the right to cut and use any trees on the lands to which such exception applies of greater diameter than six inches at the stump at the time they may be so cut and used; and the grantees may cut and take from the lands to which said last reservation or exception applies all trees exceeding in diameter six inches at the stump at the time of such cutting." "The usual rights and privileges of mining" is construed to mean, for one thing, the right or privilege of cutting timbers to be used in mining operations, and the stipulations quoted above operate to further define the timber granted as timber exceeding six inches in diameter at the stump at the time of cutting. In view of the careful, plain, and more elaborately expressed stipulations to a different effect in other parts of the deed, the clause "at the time of cutting," last quoted, seems to be a vagrant and meaningless expression. It cannot be construed as intending to confer the right in perpetuity to cut all timber as it reaches the designated dimension, for the

specific stipulation of one of the quoted provisions is to the effect that, the timber once cut and removed, grantees shall thereafter have no right to cut and remove, and this, it appears, so far as concerns the clauses under consideration, is the dominant purpose.

[6] Proper deference must be shown to the judgment of a cotenant in the management of property partly his own (Walshe v. Dwight Mfg. Co., 178 Ala. 317, 59 South. 630), and here, as stated above, defendant has the right by contract "to construct and maintain dirt roads, logging roads, tramroads and railroads for the purpose of cutting, manufacturing and removing the timber from said lands." But, in general, where a tenant in common commits such waste or does any other acts that amount to a destruction of the common property or that will result in its permanent injury, a cotenant is entitled to injunctive relief. 7 R. C. L. p. 904, § 104. Upon fair construction of the averments of the bill defendant is proceeding in excess of its rights, under law or contract, to destroy in part at least the common property, and the destruction so caused is not necessary to the enjoyment of its rights as cotenant. Such waste by the cotenant should be restrained, and since the cotenant has no right to proceed as defendant, on the averments of the bill, is proceeding, he has no right to license a stranger to do so. Murray v. Haverty, 70 Ill. 318; Hoolihan v. Hoolihan, 193 N. Y. 197, 85 N. E. 1103, 15 Ann. Cas. 269, note. And such wrongs the complaining cotenant may have the court to enjoin without regard to the solvency or insolvency of the tort-feasor. Tidwell v. Hitt Lumber Co., 198 Ala. 236, 73 South. 486, L. R. A. 1917C, 232.

[7] In the last-stated aspect of the bill it contained equity. The demurrer is addressed to the bill as a whole, and as so addressed was sustained. It should have been overruled.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.