39 So.2d 573

**KELLUM et al. v. WILLIAMS.**

7 Div. 984.

Supreme Court of Alabama.

March 24, 1949.

Chas. Thomason, of Anniston, for appellants.

Knox, Liles, Jones & Woolf and Ralph D. Porch, all of Anniston, for appellee.

SIMPSON, Justice.

In a suit in the equity court filed by the appellee, Williams, against the appellants Kellum, the appellants were, by a final decree of the trial court, permanently restrained from interfering with a pipe line which furnished the water supply to the

properties of the respective parties and from that decree the Kellums have appealed.

The line was a prviate one which connected with the city water main and had been laid under an alley, seemingly dedicated by a former owner of all the property as a way appurtenant for use of the abutting lots. This private water line had been laid by Williams' predecessor in title, by the removal of an older line owned by the Kellums' predecessor in title, with the understanding and agreement between them that each should have the joint use and service of this water supply, each paying his share of the water bill. The instant suit arose over a dispute about the water bill after the Kellums and Williams acquired the properties. The meter was registered in the name of the Kellums and they claimed ownership of the entire line and had excluded appellee from the water supply, thereby precipitating the litigation.

■ It is clear from the tendencies of the evidence that the relation of the former owners of the property with reference to this pipe line was that of tenants in common. A tenancy in common may be defined as that character of tenancy where two or more persons are entitled to property in such manner that, while there are several freeholds, the possession is not divided but is a single unity; and such relationship may exist in personal as well as real property. 62 C.J. 408, § 1; 14 Am. Jur. 87, § 15; 89, § 19.

■ Being a tenancy in common, each cotenant was entitled to the water supplied by this jointly owned pipe line and, under the circumstances disclosed by the evidence, neither cotenant had a right to exclude the other from use of this common property. 62 C.J. 422, 423, §§ 29, 30; 62 C.J. 411, note 48a; Republic Production Co. v. Collins, Tex.Civ.App., 7 S.W.2d 187; Stifel v. Hannan, 95 W.Va. 617, 123 S.E. 673. And whether the water line be regarded as personal property, Guilford-Chester Water Co. v. Town of Guilford, 107 Conn. 519, 141 A. 880, or an appurtenance to the respective properties, Stifel v. Hannan, supra, is immaterial. If personal property, there was evidence to show that all rights of the previous owners therein were granted to the respective parties to this litigation; if an appurtenance to the realty, such titles as the respective grantors owned in the line went to their grantees, the Kellums and Williams,' under their deeds; and, under either status, they thereby became tenants in common of the property and its use and ownership would be controlled by the stated principles of law.

■ Neither could exercise acts of ownership and dominion over the line so as to deprive the other of the joint use thereof and injunction was the proper remedy to protect the interests of the appellee in the subject property. Stifel v. Hannan, supra; Clark v. Whitfield, 213 Ala. 441, 105 So. 200; Musch v. Burkhart, 83 Iowa 301, 48 N.W. 1025, 12 L.R.A. 484, 32 Am.St.Rep. 305. The decree to this end, therefore, was well founded.

■ The appeal is from a decree on the merits, making the temporary injunction permanent, resulting that the question of error, if any, in requiring an inadequate bond for the temporary injunction and the overruling of the appellants' motion to dissolve such injunction is rendered moot.

Affirmed.

BROWN, LAWSON, and STAKELY, JJ., concur.