51 So.2d 885

## ROANOKE–GOODWATER PINE CO. v. COSBY.

### 5 Div. 507.

Supreme Court of Alabama.
April 12, 1951.

Tom F. Young and Richard H. Cocke, of Alexander City, for appellant.

Ralph Segrest, of Dadeville, for appellee.

BROWN, Justice.

This appeal is from an order refusing to grant a temporary injunction under § 1057, Title 7, Code of 1940, after the application therefor had been set down for hearing by the Hon. Albert Hooten under § 1054.

The injunction sought was to restrain and enjoin the defendant, his agents and employees from interfering with complainant and its agents, servants and employees from entering upon the defendant's lands of which he was in possession, and cutting and removing therefrom merchantable timber remaining on said lands after previous operations in respect thereto by complainant under a timber deed executed by the defendant to the complainant on the date of October 23, 1948, conveying to the complainant "All merchantable timber now standing and growing upon the following described lands."

The judge after taking much testimony given orally in his presence entered an order denying the writ with the observation: "The court is of opinion from an examination of the entire contract that an ambiguity is made to appear and concludes that the intent of the Parties to the contract in view of all the surrounding facts and circumstances according to the evidence herein, was not to include pulp-wood within the term 'merchantable timber' mentioned in the contract or deed of conveyance involved in this case. Williams v. Johns-Carroll Lumber Co., 238 Ala. 536, 192 So. 278; Nettles v. Lichtman, 228 Ala. 52, 152 So. 450, 91 A.L.R. 1455; and the court further concludes from a preponderance of all the evidence that Complainant has cut and removed all the merchantable saw timber from the lands described in the contract or deed of conveyance involved herein whereby it would amount to an oppression and hardship to grant an injunction against respondent in this case until the merits thereof are fully considered and determined upon a final hearing. Jones v. Jefferson County, 203 Ala. 137, 82 So. 167."

There is an absence of allegation in the bill going to show that there is an ambiguity in the timber deed attached thereto and made a part thereof, and construing said writing from its four corners, it only conveyed timber suitable for being manufactured into lumber for building purposes at the time of its execution, and it was enough to sustain the denial of the injunction that the complainant in its previous operations had cut and removed all such timber.

The order appealed from is therefore affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and SIMPSON, JJ., concur.