89 So.2d 180

John Mark BROWN

v.

**W. O. HUCKABAA.**

4 Div. 883.

Supreme Court of Alabama.

Aug. 2, 1956.

Baldwin & Baldwin and Murphy & Murphy, Andalusia, for appellant.

Ralph Clark, Andalusia, for appellee.

PER CURIAM.

This is an appeal by complainant from a final decree in equity denying him a permanent injunction to prohibit respondent from cutting timber on a certain forty acres of land in Covington County.

Complainant purchased the land from Hinton Bogan who purchased it from R. I. Hart, and respondent claimed the right to cut the timber under a prior deed from Hart. The timber deed was on record when the others purchased the land.

This controversy is controlled by a construction of the timber deed, which is dated September 29, 1945, and conveyed to respondent "all the merchantable timber now standing and growing upon the following described land" etc., describing it, with the right of ingress, egress and regress. It was also agreed that respondent "be allowed ten years if necessary from the date hereof within which to cut and remove said timber herein conveyed". During the next year respondent entered upon the land and cut timber until he saw fit to stop. Complainant claims that he cut all the merchantable timber there was on the land. Last year respondent went back upon the land and proposed to cut more timber within the ten year period. He claims there is considerable timber on the land which was merchantable on September 29, 1945 and which he proposed to cut. He claims some of it is merchantable saw logs and a larger amount of it is merchantable pole timber.

The trial court found and held that "merchantable timber" as recited in the deed includes merchantable pole timber as well as merchantable saw timber, and also found that there is some timber now on the land which was merchantable saw timber on September 29, 1945, but did not undertake to find just how much there is. The trial judge dissolved the temporary injunction, and the ten years having expired pending this suit, after which respondent was prohibited from cutting, the judge allowed six months time in which to remove both the saw timber and pole timber which was merchantable on September 29, 1945.

■ Neither the original nor cross bill alleges that the description of the timber is ambiguous due to facts and circumstances then existing and makes no allegation that the description is erroneous or incomplete, and seeks no reformation of it. It is particularly true that there is no allegation in the pleading nor effort to

prove that the term "merchantable timber" has a meaning in that section of Alabama different from its ordinary import: although the law permits such a showing when justified by the facts (since timber sometimes has an enlarged and sometimes a restricted meaning). W. T. Smith Lumber Co. v. Jernigan, 185 Ala. 125, 64 So. 300.

■ The description has been held ambiguous on its face when it is " 'all of the pine timber and trees of every kind and description.'" Williams v. Johns-Carroll Lumber Co., 238 Ala. 536, 192 So. 278, 279; Nettles v. Lichtman, 228 Ala. 52, 152 So. 450, 91 A.L.R. 1455. The right to aid such a description does not permit evidence of prior or contemporaneous verbal negotiations and conversations: they are merged into the writing. But that does not conflict with the further principle that when the language is ambiguous the intention of the parties may be ascertained by a consideration of the surrounding circumstances existing at the time of the execution of the instrument. Williams v. Johns-Carroll Lumber Co., supra. There was some evidence given by Hart, the grantor in the deed to respondent, that he mentioned to Wiggins, who negotiated the sale for respondent, something about "light poles" as well as "sawmill stuff". Further explanation is not offered. That evidence served no purpose in this controversy. There was no other evidence of that sort nor any other sort to shed light on the meaning of the words used.

■■ Therefore, it is the duty of the court to construe the meaning of "merchantable timber" from the "four corners" of the deed. When so, our cases have long held that such words mean timber suitable for being manufactured into lumber for building and like purposes at the time of the execution of the deed. Roanoke-Goodwater Pine Co. v. Cosby, 255 Ala. 435, 51 So.2d 885; W. T. Smith Lumber Co. v. Jernigan, supra; Gulf Yellow Pine Lumber Co. v. Monk, 159 Ala. 318, 49 So. 248. Webster

defines *timber* as "wood suitable for use in buildings, carpentry, etc., whether in the trees or cut and seasoned". 91 A.L.R. 1462 et seq., and 54 C.J.S., Logs and Logging, § 1, p. 672, generally use that definition in substance.

■ It follows that we cannot agree with the trial court in the interpretation of the deed in question. Its decree should be reversed and one here rendered making the injunction permanent except as to such trees now on the forty acres in question as on September 29, 1945 were suitable for being manufactured into lumber for building and like purposes, as herein declared. The trial court found there are some trees but does not identify or further describe them. The cause should be remanded to the circuit court in equity with direction to order a reference to the register to determine what trees now standing, if any, were on September 29, 1945 merchantable timber as herein defined. The register should mark the same, if he finds any, and make his report to the circuit court for consideration. When that court finally finds and marks such trees, if there are any, it should decree that the time in which respondent may cut and remove them be extended beyond the date of the final decree by a time equal to that which elapsed between the date of the issuance of the injunction (April 30, 1955) and the end of the ten year period fixed by the contract (September 29, 1955), during all of which period the injunction was in effect: that is, five months after the date of the final decree which will be made. Shubert v. Lacy, 257 Ala. 629(9), 60 So.2d 442.

The decree should be reversed and rendered in part and the cause remanded with instructions.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Reversed and rendered in part and re-manded with instructions.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur.