143 So.2d 301

**Sue Snow FOSHEE et al.**

v.

**Worth FOSHEE et al.**

**5 Div. 738.**

Supreme Court of Alabama.

June 21, 1962.

Omar L. Reynolds and Reynolds & Reynolds, Clanton, for appellants.

A. B. Foshee, Clanton, for appellees.

GOODWYN, Justice.

Appeal by the respondents below (Sue Snow Foshee, Louise Foshee, Calhoun Foshee and Clarence S. Long) from a decree of the County Court of Chilton County, in equity (created by Act No. 403, appvd. Sept 9, 1955, Acts 1955, Vol. II, p. 941), overruling their demurrer to appellees' (Worth Foshee and Virgie Nell Foshee Smith) bill of complaint. The appeal was taken prior to passage of Act No. 72, appvd. Sept. 15, 1961, Laws 1961, Sp.Sess., p. 1947, amending § 755, Tit. 7, Code 1940, and providing that a decree overruling or sustaining a demurrer to a bill or cross-bill, in equity, is not appealable.

The substance of the case made by the bill may be stated as follows: The complainants and respondents (except Sue Snow Foshee and Long) are the grandchildren of Noah W. Foshee and Adeline Smitherman Foshee. These grandparents are buried in a public cemetery in the town of Maplesville, Alabama. Noah W. Foshee was buried there before 1900 and Adeline Smitherman Foshee about the year 1911. Sue Snow Foshee is a daughter-in-law of said decedents and the mother of respondents Louise and Calhoun Foshee. Also buried in the same cemetery, prior to 1906, are two sons of said decedents who never married, viz: Thomas Foshee and Wheeler Foshee. On the grave of each of the four decedents there was placed by his or her relatives, about the time of each burial, a

"large statuesque gravestone measuring six to seven feet in height." These tombstones remained on the graves until about September 4, 1958, when they were removed at the instance of three of the respondents, viz: Sue Snow Foshee, Louise Foshee and Calhoun Foshee, and replaced by smaller markers. The fourth respondent Long, a monument dealer, did the actual removing and replacing of the markers at the direction of the other three. Other members of the Foshee family are buried in said cemetery with similar tall statuesque gravestones which still remain on their graves. It is alleged that the removed statuesque markers "were permanent marble or stone and had not deteriorated in any way and * * were not unsightly at the time of their removal and were in keeping with the cemetery and with the other graves and tombstones surrounding the cemetery lot in which they were placed"; that respondents have placed small markers on the graves "suitable to their taste and their ideas and without any notice to complainants"; that "immediately after the four marble gravestones were removed * * demand was made upon all of the respondents for them to restore the grave markers to each of the deceaseds' graves from which they were removed"; that the markers have not been restored and are now in the possession of the respondents; and that said markers "are likely to be damaged, mutilated, destroyed or misplaced" unless the court grants relief.

Complainants seek to enjoin respondents from "further removing, destroying or obliterating the four marble gravestone markers now in the possession of the respondents", and also pray that a mandatory injunction be issued ordering and directing respondents "to restore or replace the four marble gravestones which were removed" by respondents.

The one question presented on this appeal is whether the recited circumstances give equity to the bill so as to warrant the issuance of the injunctions prayed for. This precise question does not appear to have been dealt with in this state.

Appellants argue that this is nothing more than a disagreement between the next of kin as to what is best or more appropriate in the way of a gravestone, and that such family difference of opinion should not be resolved through exercise of the injunctive process. It is thus argued in brief:

"We have the unusual situation of the two parties, of brothers and sisters, children respectively of two brothers, contesting over the question of which type of grave markers shall be used in the family cemetery. The appellees prefer that the old markers remain and the appellants prefer that more modern markers be used and the only interference with the cemetery was to remove the four markers and replace them with smaller or more modern markers and slabs. The sentimental or fastidious taste of the contesting parties seemed to have clashed. Do the courts have the right to decide with one or the other of the parties, since their right of inheritance as to the possessory right in the lot and in the gravestones stand on an equal footing? * * * We submit that Holder v. Elmwood Corporation, 231 Ala. 411, 165 So. 235 is authority that sustains our contention that being tenants in common that the bill does not contain equity."

▮▮ Assuming, without deciding, that the jurisdiction of a court of equity cannot be invoked for the purpose of resolving a dispute between tenants in common of a burial lot as to the kind of gravemarker to be placed thereon initially, such principle would not be controlling here. The basic purpose of the bill is to have the old monuments placed back on the graves just as they were for many years with the acquiescence of the next of kin—in other words, to restore the graves to the condition they were in for more than 45 years. Our view is that the particular circumstances of this case give equity to the bill. Aside from any other consideration, to permit some of the next of kin, without the con-

sent of the others, to replace a marker on a grave with one which meets their particular notion of propriety, could well lead to a running series of changes in the gravemarker with a resultant multiplicity of suits, the creation of unnecessary friction among the next of kin, and the disturbance of the sanctity of the grave.

The case of Holder v. Elmwood Corporation, 231 Ala. 411, 165 So. 235, supra, relied on by appellants, has no controlling effect on the case before us. Involved there was an action at law brought by one of several tenants in common of a cemetery lot against a stranger to recover damages personal to the plaintiff which grew out of a trespass to said lot. It was there said that, in actions of trespass to realty, "it seems to be the general rule that tenants in common must join. * * * But the rule has its exceptions, * * *." It was held that the plaintiff alone could maintain the action because she "was careful to seek only such damages as were personal to her, of such a nature, as * * * could not be suffered by others." In the case before us, the suit is in equity and is brought by some of the tenants in common against the others. As already indicated, we think the particular circumstances of this case, disclosed by the allegations of the bill of complaint, give the bill equity. As said in Jasper Land Co. v. Manchester Sawmills, 209 Ala. 446, 449, 96 So. 417, 419:

"* * * [I]n general, where a tenant in common commits such waste or does any other acts that amount to a destruction of the common property or that will result in its permanent injury, a cotenant is entitled to injunctive relief. 7 R.C.L. p. 904, § 104. * * *"

See, also, 14 Am.Jur., Cotenancy, § 78, p. 145; 86 C.J.S. Tenancy in Common § 76, p. 465.

The decree overruling the demurrer to the bill is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.