ALMON, Justice.
This is a suit by a holder of a cotenancy interest for an injunction against the lessee of the other cotenant to restrain the lessee from trespassing or interfering with the plaintiffs possessory interest in the property. The trial court denied relief, and plaintiff appeals.
Nolan and Geneva Bowling, husband and wife, acquired ten acres of land in Cherokee County, Alabama, in 1978. On October 1, 1981, they were divorced in Georgia. As part of the separation agreement, Nolan was given possession of the ten acres and ordered to pay Geneva $4500 by October 1, 1982. Upon the payment of this sum, Geneva was to execute a deed of her one-half interest in the ten acres to Nolan.
On April 5, 1982, Nolan leased a portion of the ten acres to the appellant, Thomas R. Dixon. On May 28, 1982, Nolan leased another portion[1] of the ten acres to the appellee, Kenneth Sims. Geneva leased her one-half interest in the entiré ten acres to Dixon on June 3,1982, and sold the same interest to him on June 8, 1982, subject to reconveyance should Nolan purchase Geneva’s interest in accordance with the divorce decree. Nolan never tendered payment of the $4500 to Geneva, nor did she execute a deed conveying her interest to Nolan.
Sims built a fireworks stand on the portion of the property leased to him by Nolan. On October 21, 1982, Dixon filed this action against Sims, alleging that Sims was trespassing, removing trees, and interfering with Dixon’s rights of ownership. The complaint requested that the court declare Sims’s lease void and enjoin Sims from trespassing or interfering with Dixon’s pos-sessory interest.
After trial, the court entered a judgment denying relief on December 10, 1982. Dixon filed a motion for new trial, which the trial court denied on April 23, 1983, the parties having consented to the trial court’s carrying the motion beyond the ninetieth day. Rule 59.1, A.R.Civ.P.
“Tenants in common hold separate and distinct titles and may lease or convey their separate interests.” Spurlock v. Spurlock, 364 So.2d 1149, 1150 (Ala.1978); Glass v. Cook, 257 Ala. 141, 57 So.2d 505 (1952).
The rule is stated at Annot., 49 A.L.R.2d 797, 798 (1956), that ■
“a lease by one tenant in common, or joint tenant, whether purporting to cover the premises generally or merely a specified interest therein, is valid and effectual to the extent of the lessor’s interest, and entitles the lessee to occupy, use, and enjoy the premises as fully as the lessor himself might do but for the lease.”
(Footnotes omitted.) The trial court cited this annotation for the proposition that “the lessee of one co-owner, or of some of them less than all, cannot be excluded or evicted from the premises by the nonjoin-ing owners.” Id., at 812. Both of these statements of law are in accord with the Alabama law on the subject. Crommelin v. Fain, 403 So.2d 177 (Ala.1981); Spurlock v. Spurlock, supra; Jasper Land Co. v. Manchester Sawmills, 209 Ala. 446, 96 So. 417 (1923).
*257 The trial court also noted that it had found no cases where injunctive relief against one cotenant[2] in behalf of another was held proper except where water rights or the commission of waste were involved. Crommelin v. Fain, supra; Kellum v. Williams, 252 Ala. 71, 39 So.2d 573 (1949); Foshee v. Foshee, 273 Ala. 539, 143 So.2d 301 (1962); Jasper Land Co. v. Manchester Sawmills, supra. The trial court declined to grant injunctive relief because, it stated, “[t]here is no waste alleged and neither water, nor timber, nor minerals are involved which might justify injunctive relief.”
Dixon argues that injunctive relief is appropriate to prevent
“(1) injuries to real property, especially repeated injury, Smith v. Morris, 181 Ala. 279, 61 So. 276 (1913); (2) waste by cutting and removal of timber, Jasper Land Co. v. Manchester Sawmills, [supra]; (3) exclusion of a co-tenant from use of a water line, Kellum v. Williams [supra]; and (4) encroachment on property rights, Foster v. St. John’s Baptist Church, Inc., 406 So.2d 389 [Ala. 1981].”
All of these contentions are adequately answered by the trial court’s finding that there was neither an allegation of waste nor any timber cutting which would justify an injunction. The evidence shows that Sims graded and paved a small area of land on which to place his fireworks stand and a driveway. Any clearing of timber was insignificant and not likely to be repeated.
Dixon interprets the trial court’s decree as implying that he “can sue Sims for rents and profits after each fireworks season,” and argues that injunctive relief is appropriate to prevent a multiplicity of suits, citing Rouse v. Martin, 75 Ala. 510 (1883). The trial court’s decree, properly read, implies that Dixon might sue Nolan Bowling, his cotenant, for rents held as trustee, Walden v. Walden, 265 Ala. 667, 93 So.2d 489 (1957); Faust v. Faust, 251 Ala. 35, 36 So.2d 232 (1948), or to account for such rents, Spiller v. Mackereth, 334 So.2d 859 (Ala.1976); Dawson v. Thorpe, 47 Ala.App. 215, 252 So.2d 331 (1971).
Regardless of whether an action for rents might lie against Nolan Bowling, the trial court correctly held that Dixon was not entitled to the injunctive relief sought against Sims, the only defendant in, this action. The judgment of the trial court is therefore due to be, and is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, EM-BRY and ADAMS, JJ., concur.

. Dixon contended at trial that the two leases covered the same portion of the ten acres, but the trial court ruled the leases did not describe the same parcel. Dixon does not argue that the court committed error in this portion of its order.

. Here, of course, injunctive relief is sought against the lessee of a cotenant, but we see no difference for the purpose of this case.